1  Neil A. Smith, Cal. Bar No. 63777
2  Nathaniel Bruno, Cal. Bar No. 228118
   SHEPPARD MULLIN RICHTER & HAMPTON LLP
3  Four Embarcadero Center, 17th Floor
   San Francisco, CA 94111
4  Telephone (415) 434-9100
   Facsimile (415) 434-3947
5  nsmith@smrh.com
   nbnruno@smrh.com
6
   Steven M. Cowley (MA Bar No. 554534) (Of Counsel)
7  David G. Conlin (MA Bar No. 094220) (Of Counsel)
   Elizabeth Anderson Spinney (MA Bar No. 657848) (Of Counsel)
8  EDWARDS ANGELL PALMER & DODGE, LLP
   111 Huntington Ave.
9  Boston, MA 02199
   Telephone (617) 239-0100
10 Facsimile (617) 227-4420
   scowley@eapdlaw.com
11 dconlin@eapdlaw.com
   espinney@eapdlaw.com
12
13 Attorneys for Defendant Beacon Power Corporation

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16                   **OAKLAND DIVISION**

17

18                                      Case No. 07-5167 (WDB)

   ARETE POWER, INC.,
19                                      **ANSWER, AFFIRMATIVE DEFENSES**
                                        **AND COUNTERCLAIM OF**
            Plaintiff,                  **DEFENDANT BEACON POWER**
20  vs.                                 **CORPORATION**

21 BEACON POWER CORPORATION,            **DEMAND FOR A JURY TRIAL**

22          Defendant.

23

24
       Defendant Beacon Power Corporation ("Beacon"), by and through its attorneys, hereby
25
   answers Plaintiff Arete Power, Inc.'s ("Arete") Original Complaint ("Complaint") for Patent
26
   Infringement as follows:
27

28

   _____
   ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT
   BEACON POWER CORPORATION – C - 07-5167(WDB)
   1

1.      Beacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.      Beacon admits the allegations in Paragraph 2 of the Complaint.  Beacon further states that as of December 1, 2007, Beacon's principal place of business will be located at 65 Middlesex Road, Tyngsboro, Massachusetts 01879.

3.      The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required.

4.      The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required.

5.      Beacon admits only so much of the allegations in the first sentence of Paragraph 5 of the Complaint as alleges that U.S. Patent No. 6,710,489 (the "'489 Patent"), entitled "Axially Free Flywheel System" was issued on March 23, 2004.  Beacon admits the allegation in the second sentence of Paragraph 5 that what appears to be a true and correct copy of the '489 Patent was attached to the Complaint as Exhibit A.  Beacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5.  Beacon denies all remaining allegations of Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint are legal conclusions to which no response is required.

7.      Beacon states that the '489 Patent speaks for itself, and refers to the '489 Patent for an accurate and complete statement of its terms, but denies that the description in Paragraph 7 accurately describes the claimed subject matter of Paragraph 7.

8.      Beacon denies the allegations in Paragraph 8 of the Complaint.

9.      Beacon admits only so much of the allegations in the first sentence of Paragraph 9 of the Complaint that provides a general description of Beacon's flywheel energy storage systems.  Beacon denies all remaining allegations of Paragraph 9 of the Complaint.

10.      Beacon denies the allegations in Paragraph 10 of the Complaint.

11.      Beacon denies the allegations in Paragraph 11 of the Complaint.

12.      Beacon denies the allegations in Paragraph 12 of the Complaint.

13.    Beacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

**PRAYER FOR RELIEF**

14.    Beacon states that the Paragraphs A-H on pages 3-4 of the Complaint contain only prayers for relief, but do not contain factual allegations as to which a response is required. To the extent the Court deems Paragraphs A-H to contain factual allegations requiring a response by Beacon, Beacon denies all such allegations. Specifically, Beacon denies that Arete is entitled to recover any of the relief requested in Paragraphs A-H of the Complaint.

**AFFIRMATIVE DEFENSES**

15.    The '489 Patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. Sections 102, 103, and 112.

16.    Arete lacks standing to bring a suit for patent infringement due to lack of subject matter jurisdiction.

17.    Arete's Complaint fails to state a claim against Beacon upon which relief can be granted.

18.    Arete's Complaint fails to join necessary parties under Rule 19.

**COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF THE '489 PATENT**

19.    This Counterclaim is for a Declaratory Judgment and arises under the patent laws of the United States. 35 U.S.C. § 1 et seq.

20.    This Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. Sections 1331, 1338(a), 2201, and 2202, and under Rule 13 of the Federal Rules of Civil Procedure.

21.    Arete has sued Beacon in this District over the same patent at issue in this Counterclaim, so to the extent venue is proper in this District as to Arete's Complaint, venue is proper as to this Counterclaim.

22.    An actual and justiciable controversy exists between Arete and Beacon based on Arete having filed the Complaint.

23.     Arete alleges that it is the owner, by assignment, of the '489 Patent.

24.     The '489 Patent is invalid at least because it fails to comply with one or more of the requirements of 35 U.S.C. Sections 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Beacon prays that this Court:

(a)     Deny all relief requested by Arete in this action against it and dismiss with prejudice the Complaint;

(b)     Declare that the claims of the '489 Patent are invalid;

(c)     Award judgment in favor of Beacon on its Counterclaim;

(d)     Declare that this case is exceptional and award Beacon the costs of this action and its reasonable attorneys fees; and

(e)     Award Beacon such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Beacon requests a trial by jury on the Complaint and on its Counterclaim.

Dated: November 30, 2007                    By its attorneys,

/s/ Neil A. Smith
Neil A. Smith, Cal. Bar No. 63777
Nathaniel Bruno, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone (415) 434-9100
Facsimile (415) 434-3947

Steven M. Cowley (MA Bar No. 554534) (Of Counsel)
David G. Conlin (MA Bar No. 094220) (Of Counsel)
Elizabeth A. Spinney (MA Bar No. 657848) (Of Counsel)
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Ave.
Boston, MA 02199
Telephone (617) 239-0100
Facsimile (617) 227-4420