Neil A. Smith, Cal. Bar No. 63777
Nathaniel Bruno, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone (415) 434-9100
Facsimile (415) 434-3947
nsmith@smrh.com
nbruno@smrh.com

Steven M. Cowley (MA Bar No. 554534) (Of Counsel)
David G. Conlin (MA Bar No. 094220) (Of Counsel)
Elizabeth Anderson Spinney (MA Bar No. 657848) (Of Counsel)
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Ave.
Boston, MA 02199
Telephone (617) 239-0100
Facsimile (617) 227-4420
scowley@eapdlaw.com
dconlin@eapdlaw.com
espinney@eapdlaw.com

Attorneys for Defendant Beacon Power Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ARETE POWER, INC.,<br><br>Plaintiff,<br>vs.<br><br>BEACON POWER CORPORATION,<br><br>Defendant. | **Case No. 07-5167 (WDB)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>**Hearing: February 6, 2008, 1:30 p.m.**<br><br>**Courtroom: Judge Wayne D. Brazil, Oakland, CA** |

Please take notice that Defendant Beacon Power Corporation ("Beacon"), by and through its attorneys, hereby moves to transfer venue pursuant to 28 U.S.C. § 1404(a). This Motion is scheduled for a hearing on Wednesday, February 6, 2008 at 1:30 p.m.

Beacon seeks the following relief: a transfer of venue to the Massachusetts District Court under 28 U.S.C. § 1404(a).

As further illustrated in this attached Memorandum of Points and Authorities, Beacon is entitled to a transfer of venue to the District of Massachusetts under 28 U.S.C. § 1404(a) because the District of Massachusetts is a proper and more appropriate venue for this patent suit involving a Nevada corporation and a Massachusetts corporation, the parties and the witnesses, including several third-party witnesses, would be extremely inconvenienced by conducting this case in the Northern District of California, and the current forum has no substantial interest in or connection to this litigation.

## TABLE OF CONTENTS

I. STATEMENT OF FACTS .......... 5

A. Ownership and Location of the Parties .......... 5

B. Beacon's Products .......... 5

C. Beacon's Witnesses .......... 6

II. THIS COURT SHOULD GRANT THE DEFENDANT'S MOTION TO TRANSFER VENUE .......... 9

A. Legal Standard Applicable to a Motion to Transfer Venue .......... 9

B. The District of Massachusetts Is a Proper Venue for this Matter .......... 10

C. The Convenience of the Parties and Witnesses Dictates that in the Interest of Justice the Action Be Transferred to the District of Massachusetts .......... 11

D. Deference to the Plaintiff's Choice of Forum Is Diminished Because the Case Is Not Connected to the Forum .......... 15

## TABLE OF AUTHORITIES

Page(s)

**CASES**

AV Media, Pte, Ltd. v. OmniMount Sys., Inc., No. C 06-3805, 2006 WL 2850054 (N.D. Cal. Oct. 5, 2006) ........ 15

Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc., No. CV 06-1190, 2006 WL 1582091 (C.D. Cal. June 6, 2006) ........ 10, 12, 13

Catch Curve, Inc. v. Venali, Inc., No. CV 05-04820, 2006 WL 4568799 (C.D. Cal. Feb. 27, 2006) ........ 9, 10, 11, 13

Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986) ........ 9

Hamilton v. Willms, Civ. No. 02-6583, 2007 WL 2904286 (E.D. Cal. 2007) ........ 7

Inherent.com v. Martindale-Hubbell, LEXIS/NEXIS Inc., 420 F. Supp. 2d 1093 (N.D. Cal. 2006) ........ 10

MTS Sys. Corp. v. Hysitron, Inc., No. C 06-3156, 2006 WL 2547698 (N.D. Cal. Sept. 1, 2006) ........ 9, 10, 13

Pac. Car & Foundry Co. v. Pence, 403 F.2d 949 (9th Cir. 1968) ........ 10, 16

Royal Queentex Enters. Inc. v. Sara Lee Corp., No. C 99-4787, 2000 WL 246599 (N.D. Cal. Mar. 1, 2000) ........ 9, 10, 12

Sec. Investor Protection Corp. v. Vigman, 764 F.2d 1309 (9th Cir. 1985) ........ 9

Steelcase Inc. v. Haworth, Inc., No. CV 96-1964, 1996 WL 806026 (C.D. Cal. May 15, 1996) ........ 10, 13, 16

Toy v. General Elec. Co., Civ. No. C 95-20060, 1995 WL 396848 (N.D. Cal. June 27, 1995) ........ 9, 10, 16

Van Dusen v. Barrack, 376 U.S. 612 (1964) ........ 9

VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed. Cir. 1990) ........ 11

**STATUTES**

28 U.S.C. § 1404(a) ........ 1, 2, 6, 10, 11, 12, 13

**RULES**

Federal Rules of Civil Procedure 45(b)(2) ........ 16

# INTRODUCTION

Defendant Beacon Power Corporation ("Beacon") is entitled to a transfer of venue to the District of Massachusetts under 28 U.S.C. § 1404(a), because the District of Massachusetts is a proper and more appropriate venue for this patent suit involving a Nevada corporation and a Massachusetts corporation, the parties and the witnesses, including several third-party witnesses, would be extremely inconvenienced by conducting this case in the Northern District of California, and the current forum has no substantial interest in or connection to this litigation.

## I. STATEMENT OF FACTS

### A. Ownership and Location of the Parties

1. Beacon is a Delaware corporation with its principal place of business at 234 Ballardvale Street, Wilmington, Massachusetts 01887.

2. Arete Power, Inc. ("Arete") is a Nevada corporation with its principal place of business at 1001 South Meadows Parkway #1126, Reno, Nevada 89521.

3. Neither Beacon, nor, upon information and belief, Arete, have a place of business in the Northern District of California.

### B. Beacon's Products

4. Arete has accused Beacon of infringing U.S. Patent No. 6,710,489 (the "'489 Patent") by manufacturing, using, offering to sell, and selling products including Beacon's BHE-6 and Smart Energy 25 flywheel energy storage systems and its Smart Energy Matrix multi-flywheel energy storage system (the "Accused Products"). (Compl. ¶¶ 8-13.)

5. The Accused Products are flywheel energy storage systems that store energy in magnetically-supported high speed spinning flywheels. (Declaration of Richard Hockney, "Hockney Decl.," attached hereto as Exhibit A, ¶ 4.) Beacon contends that none of its products infringe any valid claim of the '489 Patent.

6. Beginning in September 1998, Beacon began shipping certain flywheel energy storage system (FESS) units to various locations for use in the telecommunications industry (the "TelCom Units"). (Id. ¶ 5.) All of these TelCom Units were shipped before the '489 Patent issued. (Id.) The technology in the Beacon Products that Arete claims infringe the '489 Patent

was embodied in these TelCom Units that Beacon was producing before the application for the '489 Patent (the "Application")[1] (including the relevant provisional application) was filed.

7. In September 2005, Beacon shipped a system including an array of seven FESS units (Accused Products) to San Ramon, California to the Commission for Environmental Cooperation ("CEC") to demonstrate the system's use in frequency regulation. (Id. ¶ 6.) That system or array of FESS units (the "CEC array") was shut down on December 22, 2006, and the system was returned to Beacon on May 10, 2007. (Id.)

8. In March 2006, Beacon shipped a similar system including an array of seven FESS units (Accused Products) for demonstrating frequency regulation to Amsterdam, New York to the New York State Energy Research and Development Authority ("NYSERDA"). (Id. ¶ 7.) That system or array of FESS units (the "NYSERDA array") was shut down on March 6, 2007. (Id.)

9. Beacon designs, develops, and manufactures the Accused Products in Massachusetts. (Id. ¶ 8.)

**C. Beacon's Witnesses**

10. The great majority—at least nine—of Beacon's likely witnesses, including third-party witnesses, reside in Massachusetts, approximately 2700 miles from the Northern District of California. Beacon's remaining witnesses reside in New York and Ohio, and one possible witness resides in Southern California. None of Beacon's witnesses reside in the Northern District of California. (Id. ¶ 9.)

11. Beacon's engineering personnel include a former employee, now a third-party witness, Norman Brackett ("Brackett"), and a current employee, Richard Hockney ("Hockney"), both of whom reside in Massachusetts. (Id. ¶ 10.) Omar Kabir ("Kabir"), another former employee and third-party witness, resides, based on Beacon's records of his last known address, in New York. (Id.)

12. Kabir, Brackett, and Hockney will provide testimony regarding the relevant engineering issues in support of Beacon's affirmative defense that the '489 Patent is invalid and

[1] The PTO assigned the Application serial no. 10/232,793.

in support of Beacon's non-infringement defense. Specifically, Kabir, Brackett, and Hockney will testify about the design, development, function, and operation of Beacon's flywheel energy storage systems, including Beacon's BHE-6, Smart Energy 25 flywheel energy storage systems, and Smart Energy Matrix multi-flywheel energy storage system. (Id. ¶¶ 11-13.)

13. Kabir and Brackett are very familiar with the state of the art of dampening systems at the time that the Application (including the relevant provisional application) was filed. (Id. ¶ 12.) Kabir and Brackett are also witnesses to the origin and design of TelCom Units and how that technology relates to the technology embodied in the CEC Array and the NYSERDA Array as well as to the '489 Patent. (Id.) As such, Kabir and Brackett's testimony will illustrate how the technology in the Beacon products that Arete claims infringe the '489 Patent was embodied in the TelCom Units that Beacon was producing before the Application was filed, in support of Beacon's invalidity counterclaim.[2] (Id.)

14. Hockney is Beacon's Chief Engineer and the lead inventor on U.S. Patent No. 6,262,505 ("'505 Patent"), which was cited as prior art to the '489 Patent. (Id. ¶ 13.) Hockney possesses a general familiarity with all Beacon products and is familiar with the design and development of the Accused Products. (Id. ¶¶ 1, 13.) Hockney has worked for Beacon since its inception in 1997. (Id. ¶ 1.)

15. Two additional current Beacon employees residing in Massachusetts, James Arseneaux ("Arseneaux") and Mark Manganelli ("Manganelli"), possess management and accounting information and will testify about the CEC array and the NYSERDA array. (Id. ¶ 14.) Specifically, Arseneaux was the Project Manager for those installations and has a general knowledge concerning the design and construction of the frequency regulation arrays. (Id.) Arseneaux is also familiar with the engineering, design and development of the Accused Products as well as their use in the system of the CEC Array and the NYSERDA Array. (Id.) Manganelli possesses knowledge of the accounting for both projects. (Id.)

---

[2] Beacon's Answer to Arete's Complaint asserts a mandatory counterclaim seeking a declaration of invalidity of the '489 Patent. Beacon's counterclaim does not waive its ability to move for a transfer of venue for the convenience of the parties and witnesses. Hamilton v. Willms, Civ. No. 02-6583, 2007 WL 2904286, at *4 (E.D. Cal. 2007) ) (quoting 5B Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 1344 (2007 Supp.)).

16. Former Beacon employees, now third-party witnesses, and at least one current Beacon employees also will testify regarding meetings in Massachusetts between Christopher Gabrys ("Gabrys"), currently the President of Arete, and Beacon, and other interactions between Gabrys and Beacon, during which Gabrys was exposed to information regarding Beacon's TelCom Units before the Application was filed. (Id. ¶ 15.) Those witnesses include third-party Michael Favaloro ("Favaloro") and current Beacon employee Ward Spears ("Spears"), who reside in Massachusetts. (Id.) They also include third-party witnesses and former Beacon employees Sharad Moghe ("Moghe") and David Hezzell ("Hezzell"). It is believed, based on Beacon's records of his last known address, that Moghe now resides in Ohio. According to publicly available information, Hezzell now resides in Newbury Park, California, far outside the Northern District of California. (Id.)

17. Third-party witness Harvey Wilkinson ("Wilkinson"), a former Beacon employee, will provide important testimony regarding the marketing of Beacon's TelCom Units. Wilkinson is believed to reside in Massachusetts, based on Beacon's records of his last known address. (Id. ¶ 16.)

18. Current Beacon employee Matthew Lazarewicz ("Lazarewicz"), a Massachusetts resident, will provide information regarding the marketing and sales of the CEC and NYSERDA, or frequency regulation, arrays. (Id. ¶ 17.)

19. While Beacon's current employee witnesses, including Brackett, Hockney, Arseneaux, Manganelli, Lazarewicz, and Moghe, have expressed a reluctant willingness to be present at trial in Northern California if necessary, their availability would be severely limited, and their lives significantly interrupted, due to the long travel distance involved. (Id. ¶ 18.) Although Beacon cannot speak for the third-party witnesses, or control their appearance at trial, at least two third-party witnesses, Brackett and Wilkinson, have informed Beacon that they will be available only at limited times due to unavoidable work obligations and the amount of time required for travel if the matter remains in California. (Id.)

## II. This Court Should Grant the Defendant's Motion to Transfer Venue

### A. Legal Standard Applicable to a Motion to Transfer Venue

A court may transfer a civil action to another district for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). "The purpose of Section 1404(a) is to prevent the waste of 'time energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Royal Queentex Enters. Inc. v. Sara Lee Corp., No. C 99-4787, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000) (citing Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). "Section 1404(a) grants the district court broad discretion to consider case-specific circumstances in adjudicating a motion to transfer venue." Toy v. General Elec. Co., Civ. No. C 95-20060, 1995 WL 396848, at *1 (N.D. Cal. June 27, 1995).

To demonstrate that a transfer of venue is warranted, "the defendant must establish that the matter 'might have been brought' in the district to which transfer is sought." Catch Curve, Inc. v. Venali, Inc., No. CV 05-04820, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006). The Court must then balance the convenience of the parties and of the witnesses with the interest of justice. Id. The interest of justice takes into consideration: (1) the relative ease of access to proof, (2) judicial economy, (3) the availability of compulsory processes, (4) docket congestion, and (5) the differences in the costs of litigation in the two forums. Id. at *3.

Although the Ninth Circuit also considers the plaintiff's choice of forum, MTS Sys. Corp. v. Hysitron, Inc., No. C 06-3156, 2006 WL 2547698, at *2 (N.D. Cal. Sept. 1, 2006) (citing Sec. Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985)), if the defendant makes a strong showing of inconvenience, upsetting that choice of forum is warranted. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Importantly, the deference to the plaintiff's choice of forum is diminished when the defendant establishes that: "(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to

the forum." Catch Curve, 2006 WL 4568799, at *2; see also Inherent.com v. Martindale-Hubbell, LEXIS/NEXIS Inc., 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006). A plaintiff's choice of forum has minimal value, or should be given even less consideration, when the plaintiff is not a resident of the judicial district in which it has instituted the suit. Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968); Toy, 1995 WL 396848, at *2.

Still, "[t]he convenience of the witnesses is often the most important factor considered by the Court when deciding a motion to transfer under Section 1404(a)." Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc., No. CV 06-1190, 2006 WL 1582091, at *2 (C.D. Cal. June 6, 2006). Among the factors considered to demonstrate the witnesses' inconvenience are the identity and location of the witnesses, including the number of witnesses located in respective districts, and the content and relevance of their testimony. Royal Queentex, 2000 WL 246599, at *6. Primary consideration is given to third-party witnesses. Id.

Three of the most significant witnesses in a patent infringement case include a defendant's sales and marketing personnel, see, e.g., MTS Sys., 2006 WL 2547698, at *2; Steelcase Inc. v. Haworth, Inc., No. CV 96-1964, 1996 WL 806026, at *3 (C.D. Cal. May 15, 1996), and a defendant's engineering personnel who can "provide relevant testimony regarding the design, [development,] function and operation of Defendant's allegedly infringing products," Broadcast Data Retrieval, 2006 WL 1582091, at *2; see also Catch Curve, 2006 WL 4568799, at *2-3; Steelcase, 1996 WL 806026, at *3. Other important witnesses in certain stages of patent infringement litigation include potential and actual customers, see, e.g., MTS Sys., 2006 WL 2547698, at *3; Steelcase, 1996 WL 806026, at *3.

**B. The District of Massachusetts Is a Proper Venue for this Matter**

The initial consideration for a motion to transfer venue is whether the matter might have been brought in the district to which transfer is sought. Catch Curve, 2006 WL 4568799, at *1. This action could have been brought in the District of Massachusetts because the District has subject matter jurisdiction over the claim, has personal jurisdiction over the Defendant, and is a proper venue for the matter. Venue would have been proper in the District of Massachusetts because Beacon has a regular and established place of business in the District. The Plaintiff has

claimed that venue is proper here under 28 U.S.C. §§ 1391(b) and 1400(b). Section 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Similarly, 28 U.S.C. § 1400(b) provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Because this action is not founded solely on diversity, 28 U.S.C. § 1391(b) applies. Under 28 U.S.C. § 1391(b)(3)), venue is proper in a district where the defendant may be found. Similarly, 28 U.S.C. § 1400(b) is construed as incorporating 28 U.S.C. § 1391(c) ), which provides that for the purposes of venue, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Reid-Ashman, 2006 WL 3290416, at *6 (citing VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1580 (Fed. Cir. 1990)). Beacon's association with Massachusetts, specifically, Beacon's principal place of business in the District of Massachusetts, establishes that venue would be proper in that District. Therefore, this case may be transferred to the District of Massachusetts. 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought.").

### C. The Convenience of the Parties and Witnesses Dictates that in the Interest of Justice the Action Be Transferred to the District of Massachusetts

Each of Beacon's witnesses has a significant role to play in the development of Beacon's case, and each would be extremely inconvenienced by the Plaintiff's choice of forum, with no apparent offsetting convenience to any party or significant witness that would justify retaining venue in this forum. Such an inconvenience would impose a great burden on Beacon and its third-party witnesses to relocate to California for trial, and therefore strongly favors a transfer of

venue. The witnesses' inconvenience "is often the most important factor considered by the Court when deciding a motion to transfer under Section 1404(a)." Broadcast Data, 2006 WL 1582091, at *2. Primary consideration is given to third-party witnesses. Royal Queentex, 2000 WL 246599, at *6. Nearly all of Beacon's witnesses, including many third-party witnesses, live in or around Massachusetts. While those witnesses that have been contacted by Beacon, including Brackett, Hockney, Arseneaux, Manganelli, Lazarewicz, and Moghe to date, have expressed a reluctant willingness to appear for trial in California if necessary, their availability would be severely limited, and their lives significantly interrupted, due to the long travel distance involved. (Hockney Decl. ¶ 18.) At least two witnesses, Brackett and Wilkinson, have informed Beacon that they would be available only at limited times due to work unavoidable obligations and the amount of time required for travel. (Id.)

Should trial be held in the District of Massachusetts, on the other hand, these witnesses would be much more readily available, and their time away from their work and other obligations greatly reduced because they would not have to travel across the country and wait to be called as witnesses. For a trial in the District of Massachusetts, the cost of travel for these witnesses would be minimal, and counsel for both parties would be able to alert the witnesses of the precise day of their testimony so that they can drive to trial that day instead of being constrained by an airplane reservation.

Among the witnesses most important in this patent infringement case are Beacon's current and former engineering personnel. Broadcast Data, 2006 WL 1582091, at *2; see also Catch Curve, 2006 WL 4568799, at *2; Steelcase, 1996 WL 806026, at *3. Those witnesses include Brackett, a third-party Massachusetts resident, Kabir, a third-party resident of nearby New York, and Hockney and Arseneaux, Massachusetts residents and current Beacon employees. (Hockney Decl. ¶ 10, 11.)

Kabir, Brackett, Hockney, and Arseneaux will provide testimony regarding the engineering, including the design, development, function, and operation of the Accused Products in support of Beacon's non-infringement defense. (Id. ¶ 11.) They also will provide important testimony regarding the development of Beacon's products that will be essential to Beacon's

affirmative defense of invalidity. Specifically, Kabir and Brackett are most familiar with the state of the art of dampening systems at the time that the Application was filed, and they are also witnesses to the origin and design of Beacon's TelCom Units and are knowledgeable regarding the technology of the CEC and NYSERDA Arrays. (Id. ¶ 12.) As such, Kabir and Brackett's testimony will illustrate how the technology in the Beacon products that Arete claims infringe the '489 Patent was embodied in the TelCom Units that Beacon was producing before the Application was filed, in support of Beacon's invalidity counterclaim. (Id.) Hockney is Beacon's Chief Engineer and an inventor of the '505 Patent, which was cited as prior art to the '489 Patent. (Id. ¶ 1, 13.) Hockney possesses a general familiarity of all Beacon products and is familiar with the design and development of the Accused Products. (Id. ¶ 13.) In addition, Arseneaux is familiar with the engineering, design and development of the Accused Products as well as their use in the system embodied in the CEC Array and the NYSERDA Array. (Id. ¶ 14.)

Other important witnesses to this patent infringement case include Beacon's sales and marketing personnel. MTS Sys., 2006 WL 2547698, at *2; Steelcase, 1996 WL 806026, at *3. Third-party witness Wilkinson, a former Beacon employee, will provide important testimony regarding the marketing of Beacon's TelCom Units that is relevant to Beacon's validity defenses to the '489 Patent. (Hockney Decl. ¶ 16.) Current Beacon employee Lazarewicz also will provide important information regarding the marketing and sales of the frequency regulation arrays that is relevant to Beacon's non-infringement and invalidity defenses and damages arguments. (Id. ¶ 17.) Both Wilkinson and Lazarewicz are Massachusetts residents. (Id. ¶ 16, 17.)

Arseneaux and Manganelli possess information relating to management and accounting regarding the CEC array and the NYSERDA array. (Id. ¶ 14.) Specifically, Arseneaux was the Project Manager for those installations and has a general knowledge of the design and construction of the frequency regulation arrays. (Id.) Manganelli possesses knowledge of the accounting for both projects. Both Arseneaux and Manganelli are Massachusetts residents. (Id.)

In addition, former and current Beacon employee witnesses residing in Massachusetts, including third-party witnesses Favaloro, Hezzell, and Moghe, and Beacon employee Ward

Spears, would provide important information regarding meetings in Massachusetts and other dealings between Beacon and Gabrys relating to flywheel energy storage systems. (Id. ¶ 15.) These meetings were held before the Application was filed. While Favaloro and Spears reside in Massachusetts, Moghe resides in Ohio and Hezzell resides in Southern California. (Id.)

This is not a situation where the inconvenience would simply transfer to the Plaintiff and its witnesses if venue were transferred to the District of Massachusetts. The Plaintiff's witnesses, upon information and belief, would have to travel whether the forum is the Northern District of California or the District of Massachusetts. Arete is not located in the Northern District of California, and therefore its employee witnesses would not be located in the District. The inventor of the '489 Patent and current President of Arete, Gabrys, resides, upon information and belief, in Nevada. Likewise, the Plaintiff's patent counsel who prosecuted the '489 Patent, J. Michael Neary ("Neary"), also resides outside the Northern District of California. Upon information and belief, Neary resides in Ventura, California—approximately 300 miles from the Northern District of California. Accordingly, although the Plaintiff's witnesses may have to travel farther to attend trial in Massachusetts than in this District, they would have to bear a significant inconvenience and travel a considerable distance either way. Therefore, the greatest inconvenience to the greatest number of witnesses and parties can be avoided by transferring this case to the District of Massachusetts.

In addition to the fact that so many witnesses would avoid a great inconvenience, the interest of justice is otherwise best served by transferring the matter to the District of Massachusetts. In the District of Massachusetts, both Beacon and the Plaintiff would have better access to Beacon's former and current employee witnesses. The District of Massachusetts would have greater subpoena power over witnesses in this case[3] than the Northern District of California, as the District of Massachusetts would have subpoena power over nearly all of Beacon's witnesses. On the other hand, with few, if any, witnesses for either party within 100 miles of the Northern District of California in Oakland, the Northern District of California would have little subpoena power, if any, over any witnesses. FED. R. CIV. P. 45(b)(2) (The district

[3] The District of Massachusetts would also have greater access to documents and the Accused Products themselves, to the extent such access becomes important.

W02-WEST:5NAS1\400592099.1 -14-
Case No. 07-5167 (WDB) MEMORANDUM OF POINTS AND AUTHORITIES I/S/O DEFENDANT'S MOTION TO TRANSFER VENUE

court may only serve a subpoena at any place within the district of the court in which it is issued, or at any place outside the district that is within 100 miles of the place of the trial). In addition, documentary evidence, including key documents, materials, equipment relating to the development, testing, research, production, marketing and sales decisions regarding the Accused Products are also located in Massachusetts. (Hockney Decl. ¶ 19.) Therefore, in the District of Massachusetts, both Beacon and the Plaintiff would have greater access to the best sources of proof.

In addition, a transfer would best serve the interest of justice because the costs of litigation would be greatly decreased upon a transfer to the District of Massachusetts—this is the only scenario in which at least half of the witnesses would avoid the cost of travel. The District of Massachusetts is also less congested than the Northern District of California. See AV Media, Pte, Ltd. v. OmniMount Sys., Inc., No. C 06-3805, 2006 WL 2850054, at *4 (N.D. Cal. Oct. 5, 2006) ("[C]ongestion is a factor the Court considers."). A review of each Court's docket calendars for the previous year ending March 31, 2006 reveals that the Northern District of California has approximately twice as many civil cases as the District of Massachusetts. (Table C-1, U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending March 31, 2006, at http://www.uscourts.gov/caseload2006/tables /C01_Mar_06.pdf.) Finally, because the case is a matter of federal patent law, the District of Massachusetts and the Northern District of California are equally suited to resolve the issues of law. For these reasons, the interest of justice, as well as the convenience of the parties and witnesses, favors a transfer to the District of Massachusetts.

**D. Deference to the Plaintiff's Choice of Forum Is Diminished Because the Case Is Not Connected to the Forum**

The Plaintiff's choice of the Northern District of California as forum in this case should be given minimal consideration because there is no good reason for this case to continue here. A plaintiff's choice of forum has minimal value, or should be given less consideration, when the plaintiff is not a resident of the judicial district in which it has instituted the suit. Pac. Car, 403 F.2d at 954; Toy, 1995 WL 396848, at *2. The Plaintiff in this case is located in Nevada. In fact, neither the Plaintiff nor Beacon even has a place of business in the forum.

Not only does the Northern District of California have no particular interest in the parties to this litigation, neither does it have a substantial interest in the subject matter. The subject matter of this litigation is not substantially connected to the forum. Because Beacon's place of business has been located in Massachusetts throughout the entire time period of relevance to this dispute, the design, development, and manufacture of the Accused Products would have occurred in Massachusetts. The only Accused Products that were ever in the current forum at any time were seven FESS units of a frequency regulation array that were in San Ramon for eighteen months, and were not in the forum at the time the Complaint was filed. Such a brief connection is not enough to give deference to the Plaintiff's choice of venue. See Steelcase, 1996 WL 806026, at *2 (granting a transfer of venue out of the Northern District of California when the only connection to the forum was that the defendant had sold some allegedly infringing products in California). Massachusetts, on the other hand, has an interest in ensuring that its resident companies obey the law.

As such, because jurisdiction and venue is proper in the District of Massachusetts, at least half of the witnesses would be extremely inconvenienced by a trial in California, and any deference to the Plaintiff's choice of forum is severely diminished because it is not even located in the Northern District of California and the subject matter of the litigation is not substantially connected to the forum, a transfer of venue is more than warranted—it is necessary to uphold the interest of justice.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant's Motion to Transfer Venue.

Dated: November 30, 2007

BEACON POWER CORPORATION

By its attorneys,

/s/ Neil A. Smith
Neil A. Smith, Cal. Bar No. 63777
Nathaniel Bruno, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone (415) 434-9100
Facsimile (415) 434-3947

Steven M. Cowley (MA Bar No. 554534) (Of Counsel)
David G. Conlin (MA Bar No. 094220) (Of Counsel)
Elizabeth A. Spinney (MA Bar No. 657848) (Of Counsel)
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Ave.
Boston, MA 02199
Telephone (617) 239-0100
Facsimile (617) 227-4420