1  Michael E. Dergosits (State Bar No. 118206)
   Teddy K. Joe (State Bar No.  242589)
2  DERGOSITS & NOAH, L.L.P.
   Four Embarcadero Center, Suite 1450
3  San Francisco, CA 94111
   Telephone: (415) 705-6377
4  Facsimile:  (415) 750-6383
   mdergosits@dergnoah.com
5  tjoe@dergnoah.com

6  Edward W. Goldstein (TX Bar No. 08099500) (*Pro Hac Vice*)
   Michael J. Collins (TX Bar No. 04614510) (*Pro Hac Vice*)
7  Jody M. Goldstein (TX Bar No. 24002153) (Of Counsel)
   **GOLDSTEIN, FAUCETT & PREBEG, LLP**
8  1177 West Loop South, Suite 400
   Houston, Texas 77027
9  Telephone: (713) 877-1515
   Facsimile: (713) 877-1737
10 egoldstein@gfpiplaw.com
   mcollins@gfpiplaw.com
11 jgoldstein@gfpiplaw.com

12 Attorneys for Plaintiff Arete Power, Inc.

13 Steven M. Cowley (MA Bar No. 554534) (*pro hac vice*)
   David G. Conlin (MA Bar No. 094220) (*pro hac vice*)
14 Elizabeth Anderson Spinney (MA Bar No. 657848) (*pro hac vice*)
   EDWARDS ANGELL PALMER & DODGE, LLP
15 111 Huntington Ave.
   Boston, MA 02199
16 Telephone: (617) 239-0100
   Facsimile: (617) 227-4420
17 scowley@eapdlaw.com
   dconlin@eapdlaw.com
18 espinney@eapdlaw.com

19 Neil A. Smith, Cal. Bar No. 63777
   Nathaniel Bruno, Cal. Bar No. 228118
20 SHEPPARD MULLIN RICHTER & HAMPTON LLP
   Four Embarcadero Center, 17th Floor
21 San Francisco, CA 94111
   Telephone: (415) 434-9100
22 Facsimile: (415) 434-3947
   nsmith@smrh.com
23 nbruno@smrh.com

24 Attorneys for Defendant Beacon Power Corporation

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| ARETE POWER, INC.,<br><br>   Plaintiff,<br><br>  vs.<br><br>BEACON POWER CORPORATION<br><br>   Defendant. | **Case No. 07-5167 (WDB)**<br><br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**Conference: February 6, 2008, 1:30 p.m.**<br>**Courtroom: Hon. Magistrate Judge Wayne D. Brazil, Oakland, California** |

Pursuant to Civil L.R. 16-9(a) and Patent L.R. 2-1(a), Plaintiff Arete Power, Inc. ("Arete") and Defendant Beacon Power Corporation ("Beacon") jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

## 1. Jurisdiction and Service

The Court has subject matter jurisdiction over Arete's claims for patent infringement under 35 U.S.C. §§ 271 and 281, and 28 U.S.C. § 1338(a). The Court has subject matter jurisdiction over Beacon's counterclaims for declaratory judgment under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and Rule 13 of the Federal Rules of Civil Procedure. The parties agree that the Court has personal jurisdiction over them. All parties have been served. While both parties agree that venue is proper in this Court, Beacon has moved the Court to transfer venue to the District of Massachusetts under 28 U.S.C. § 1404(a), based on Beacon's position that venue is more appropriate in that district.

## 2. Facts

Arete alleges that it is the owner of U.S. Patent No. 6,710,489 (the "489 patent") which is entitled, "Axially Free Flywheel System." Beacon manufactures and sells flywheel energy

storage systems, but contends that its systems do not infringe on the '489 patent. Arete has accused Beacon of infringing the '489 patent by making, using, selling and offering to sell flywheel energy storage systems. Beacon contends that it does not infringe the '489 patent and that the '489 patent is invalid. The parties dispute all of the factual issues underlying a determination whether the '489 patent is infringed, the validity of the '489 patent, whether it is enforceable, and whether any remedy is thereby appropriate. Moreover, Beacon reserves the right to contest Arete's alleged ownership of the '489 patent.

### 3.  Legal Issues

The principal legal issues in dispute at this time are:

(a)  the construction of the claims of the '489 patent;

(b)  whether the '489 patent as construed is infringed under 35 U.S.C. § 271;

(c)  whether the '489 patent is invalid under 35 U.S.C. §§ 102, 103 and 112; and

(d)  whether this case is exceptional under 35 U.S.C. § 285;

### 4.  Motions

The only substantive motion currently pending is Beacon's motion to transfer venue to the District of Massachusetts, which the Court has set for hearing on February 6, 2008.

### 5.  Amendment of Pleadings

At this time, the parties do not anticipate adding any additional parties, claims or defenses. However, the parties do reserve the right to amend their pleadings at any time before the deadline set forth for amendment of pleadings in the proposed case management order.

### 6.  Evidence Preservation

Both parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have been instructed by their attorneys to suspend any and all document destruction programs, and any erasures of e-mails, including ongoing or automatic erasures, as well as erasures or destruction of any other information stored in electronic form. The parties have agreed that, in general, even if possible, electronic voice mail does not have to be preserved at this time; however, both parties reserve the right to seek information contained in voice mail messages pursuant to a specific written discovery request.

**7. Disclosures**

The parties plan to exchange initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than January 30, 2008.

**8. Discovery**

No discovery has taken place. The parties anticipate taking discovery to the fullest extent of the scope permitted under the Federal Rules of Civil Procedure. At this time, the parties do not anticipate any proposed limitations or modifications of the discovery rules set forth in the Federal Rules of Civil Procedure, but request that the Court's case management and scheduling order allow the parties to modify the number of depositions and interrogatories by agreement without seeking leave of court or, should the parties prove unable to agree upon any such modification, to seek modification for cause with leave of court.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. Relief**

Arete seeks the following relief through its complaint: (a) a declaration that Beacon has infringed one or more claims of the '489 patent; (b) damages caused by the infringement of the '489 patent; (c) trebling of those damages pursuant to 35 U.S.C. § 284; (d) pre-judgment and post-judgment interest on the damages; and (e) costs and reasonable attorneys fees pursuant to 35 U.S.C. § 285.

Beacon seeks the following relief by way of its counterclaim: (a) dismissal of Arete's complaint; (b) a declaration that the claims of the '489 patent are invalid; and (c) a declaration that this case is exceptional and an award of costs and attorneys fees.

**12. Settlement and ADR**

The parties have tentatively discussed settlement mechanisms. The parties have met and conferred to discuss ADR options as required by ADR L.R. 3-5 and agreed to private mediation

as the preferred ADR option. The parties will participate in mediation before Charles A. Legge of JAMS in San Francisco, on a mutually agreeable date in April 2008, assuming Mr. Legge does not have a conflict.

**13. Consent to Magistrate Judge For All Purposes**

The parties have consented to have Magistrate Judge Brazil conduct all further proceedings including trial and entry of judgment.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

At this time, the parties have not identified any issues that can be narrowed by agreement or by motion. Similarly, it is too early for the parties to suggest ways to expedite the presentation of evidence at trial, although the parties expect to be able to do so once evidence is developed during discovery. The parties are not requesting the Court to bifurcate any issues, claims or defenses for purposes of discovery.  The parties reserve their respective rights to request bifurcation of issues, claims or defenses for purposes of trial.

**16. Expedited Schedule**

The parties do not believe that this patent infringement action is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial are set forth in the proposed scheduling order that follows.

**18. Trial**

The case will be tried to a jury and the parties expect that the trial will take approximately eight to nine full court days.

**19. Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  Arete identifies the following persons, firms, partnerships, corporations

1   (including parent corporations) or other entities known by Arete to have either: (a) a financial

2   interest in the subject matter in controversy or in a party to the proceeding; or (b) any other kind

3   of interest that could be substantially affected by the outcome of the proceeding:

4          (a) Dr. Christopher Gabrys

5          (b) Timothy Rodgers

6          (c) Michael Neary

7          (d) Andrew Weber

8          (e) Kevin Rinderle

9          (f) Goldstein, Faucett & Prebeg L.L.P.

10         Beacon identifies the following persons, firms, partnerships, corporations (including

11  parent corporations) or other entities known by Beacon to have either: (a) a financial interest in

12  the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest

13  that could be substantially affected by the outcome of the proceeding:

14         (a) Stephen P. Adik

15         (b) F. William Capp

16         (c) Daniel E. Kletter

17         (d) Virgil G. Rose

18         (e) Jack P. Smith

19         (f) Edward A. Weihman

20         (g) Quecus Trust (David Gelbaum and Monica Chavez Gelbaum, Trustees)

21  **20. Other Matters**

22         At this time, the parties are not aware of any other matters as may facilitate the just,

23  speedy and inexpensive disposition of this matter.

24  **21. Modifications of Deadlines in the Patent Local Rules**

25         At this time, the parties do not see any need to modify any of the deadlines provided for

26  in the Patent Local Rules. The proposed scheduling and case management order below

27  incorporates the deadlines set forth in the Patent Local Rules.

28

**22. Live Testimony at the Claim Construction Hearing**

It is too early for the parties to determine whether live testimony may be needed or desirable at the claim construction hearing. The parties reserve the right to request such testimony at a future time. The parties do request that the Court reserve time before the claim construction hearing for a tutorial on the invention described and claimed in the '489 patent and flywheel energy storage systems generally in the event that the Court determines that such a tutorial would be helpful.

**23. Limits on Discovery Relating to Claim Construction**

At this time, the parties do not see a need for any specific limits on discovery related to claim construction other than those imposed generally by the Federal Rules of Civil Procedure.

**24. Order of Presentation at Claim Construction Hearing**

As plaintiff, Arete will present its argument first at the claim construction hearing.

**25. Claim Construction Prehearing Conference**

The parties request that the Court reserve time on its schedule for a claim construction pre-hearing conference the day prior to the claim construction hearing. The Court can determine at a later date if such a prehearing conference would be helpful to it. If the Court desires a tutorial on the technology and the patent, such a tutorial could be presented at the prehearing conference.

**26. Proposed Scheduling and Case Management Order**

The parties propose that the Court enter the following scheduling and case management order:

| EVENT | DATE |
|---|---|
| Initial Case Management Conference | February 6, 2008 |
| Arete's Disclosure of Asserted Claims and Preliminary Infringement Contentions and Accompanying Document Disclosure due (PLR 3-1, 3-2) | February 21, 2008 |

| | |
|---|---|
| Beacon's Preliminary Invalidity Contentions and Accompanying Document Disclosure due (PLR 3-3, 3-4) | April 7, 2008[1] |
| Simultaneous exchange of Proposed Terms and Claim Elements for Construction (PLR 4-1(a)) | April 21, 2008 |
| Meet and confer re: Proposed Terms and Claim Elements for Construction (PLR 4-1(b)) | April 28, 2008 |
| Simultaneous exchange of Preliminary Claim Constructions and Extrinsic Evidence (PLR 4-2(a),(b)) | May 12, 2008 |
| Initial meet and confer re: preparing a Joint Claim Construction and Pre-hearing Statement (PLR 4-2(c)) | May 23, 2008 |
| Joint Claim Construction and Pre-hearing Statement due (PLR 4-3) | June 6, 2008 |
| Discovery on claim construction closes (PLR 4-4) | July 7, 2008 |
| Arete's opening claim construction brief due (PLR 4-5(a)) | July 21, 2008 |
| Beacon 's opposition due (PLR 4-5(b)) | August 4, 2008 |
| Arete's reply due (PLR 4-5(c)) | August 11, 2008 |
| Tutorial | TBD |
| Exchange of exhibits to be used at the Claim Construction Hearing | 1 week prior to Claim Construction hearing |
| Claim Construction Hearing (PLR 4-6) | August 25, 2008 or TBD subject to the convenience of the Court's calendar |
| Arete's Final Infringement Contentions (PLR 3-6(a)) | 30 days after entry of Final Claim Construction order |
| Beacon's Final Invalidity Contentions (PLR 3-6(b)) Beacon's Production of Opinions re: Willful Infringement (PLR 3-8) | 50 days after entry of Final Claim Construction Order |
| Fact Discovery Closes | 110 days after entry of Final Claim Construction Order |
| Designation of Experts and Service of Expert Reports by Party | 140 days after entry of Final |

---

[1] While the parties have not yet determined specific dates for mediation, the mediation is planned for April, and in the event that the mediation, when scheduled, conflicts with the proposed dates the parties may submit a request to the court to revise this schedule.

| With Burden of Proof on an Issue | Claim Construction Order |
|---|---|
| Designation of Experts and Service of Expert Reports by Party Without Burden of Proof on Issue | 170 days after entry of Final Claim Construction Order |
| Expert Discovery Closes | 200 days after entry of Final Claim Construction Order |
| Deadline for hearing dispositive motions | 260 days after entry of Final Claim Construction Order |
| Pretrial Conference | TBD |
| Trial | TBD |

Dated: January 29, 2008          DERGOSITS & NOAH LLP


                                 _____/s/_____
                                 By:  Michael E. Dergosits
                                      Attorney for Plaintiff Arete Power, Inc.

                                 Edward W. Goldstein (*Pro Hac Vice*)
                                 Texas Bar No. 08099500
                                 Michael J. Collins (*Pro Hac Vice*)
                                 Texas Bar No. 04614510
                                 Jody M. Goldstein (Of Counsel)
                                 Texas Bar No. 24002153
                                 **GOLDSTEIN, FAUCETT & PREBEG, LLP**
                                 1177 West Loop South, Suite 400
                                 Houston, Texas 77027
                                 Telephone: (713) 877-1515
                                 Facsimile: (713) 877-1737
                                 egoldstein@gfpiplaw.com
                                 mcollins@gfpiplaw.com
                                 jgoldstein@gfpiplaw.com


                                 SHEPPARD MULLIN RICHTER & HAMPTON LLP


                                 _____/s/_____
                                 By:   Neil A. Smith, Cal. Bar No. 63777
                                       Nathaniel Bruno, Cal. Bar No. 228118
                                       Attorneys for Defendant Beacon Power
                                       Corporation

                                 Steven M. Cowley (MA Bar No. 554534)
                                 (*pro hac vice*)
                                 David G. Conlin (MA Bar No. 094220)
                                 (*pro hac vice*)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Elizabeth Anderson Spinney (MA Bar No. 657848)
(*pro hac vice*)
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Ave.
Boston, MA 02199
Telephone (617) 239-0100
Facsimile (617) 227-4420
scowley@eapdlaw.com
dconlin@eapdlaw.com
espinney@eapdlaw.com